UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             Case No. 8:15-cr-183-T-30AEP

D. ANDA NORBERGS

**UNITED STATES' MEMORANDUM OF LAW REGARDING FORFEITURE**

The United States of America submits this memorandum regarding the procedure governing the forfeiture sought in this case. In the event that defendant D. Anda Norbergs is convicted of any or all of Counts One through Forty-Five of the Second Superseding Indictment, this memorandum outlines why, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), the Court—and not the jury—should determine the amount of the forfeiture money judgment.

**MEMORANDUM OF LAW**

**I.    Applicable Statutes**

The defendant was charged in a Second Superseding Indictment with (1) seventeen counts of receipt and delivery of misbranded drugs in interstate commerce, in violation of 21 U.S.C. § 331(c) and 18 U.S.C. § 2,[1] (2) twelve counts of smuggling goods into the United States, in violation of 18 U.S.C. §§ 545 and 2, (3) a health care fraud scheme (11 counts), in violation of 18 U.S.C. §§ 1347 and 2, and (4) a mail fraud scheme affecting a health care benefit program (5 counts), in violation of 18 U.S.C. §§ 1341 and 2. Should the defendant be convicted of any or

---

1   The defendant was also charged under 21 U.S.C. § 333(a)(2), which is the penalty for violating 21 U.S.C. § 331(c).

all these counts, the United States will seek a forfeiture money judgment in the amount of at least $700,000.00, representing the proceeds obtained by the defendant as a result of the offenses for which she is convicted.

In sentencing a person convicted of receipt and delivery of misbranded drugs in interstate commerce (21 U.S.C. § 331(c)), a health care fraud scheme (18 U.S.C. § 1347), and a mail fraud scheme affecting a health care benefit program (18 U.S.C. § 1341), the Court's authority to enter a forfeiture money judgment against the defendant is found in 18 U.S.C. § 982(a)(7), which provides for the forfeiture of any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. Further, in sentencing a person convicted of smuggling goods into the United States (18 U.S.C. § 545), the Court's authority to enter a forfeiture money judgment against the defendant is found in 18 U.S.C. § 982(a)(2)(B), which provides for the forfeiture of any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation.

When a defendant no longer has the actual dollars in criminal proceeds or property directly traceable to forfeitable proceeds in her possession, or the government cannot locate that property, the defendant's obligation to forfeit simply takes the form of a forfeiture money judgment in favor of the United States. *United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Federal Rule of Criminal Procedure 32.2(b)(1) provides that, where the government seeks a

personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay.

## II. Forfeiture Proceeding

The Eleventh Circuit held that "a party is *not* entitled to a jury finding regarding a money judgment." *United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 962, 187 L. Ed. 2d 822 (2014). Instead, "*the court* must determine the amount of money that the defendant will be ordered to pay." *Id.* (quoting Rule 32.2(b)(1)(A)); *see also* Rule 32.2(b)(1) ("If the government seeks a *personal money judgment, the court must determine the amount of money* that the defendant will be ordered to pay.") (emphasis added). The Eleventh Circuit's holding is consistent with that of other circuits. *See United States v. Phillips,* 704 F.3d 754, 769 (9th Cir. 2012) (holding there is no statutory right to have jury determine amount of money judgment); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (same)*; United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (same).

Thus, because the United States does not seek forfeiture of specific property associated with the charged offenses, but only a forfeiture money judgment, the defendant is not entitled to a jury determination on the forfeiture in this case.

### III. Conclusion

Should the defendant request a jury determination on the amount of the forfeiture money judgment, pursuant to Rule 32.2(b)(5), the United States asks that the Court deny the request, because there is no right to a jury determination of the amount of a money judgment.

Respectfully Submitted,

A. LEE BENTLEY, III
United States Attorney

By:   *s/Suzanne C. Nebesky*
Suzanne C. Nebesky
Assistant United States Attorney
Fla. Bar No. 59377
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Tel:   (813) 274 6000
Fax:   (813) 274 6247
E-mail: suzanne.nebesky@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Suzanne C. Nebesky*
Suzanne C. Nebesky
Assistant United States Attorney